# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:23-cv-00278-KDB

| | |
|---|---|
| GEORGE REYNOLD EVANS, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| EDDIE BUFFALOE, JR., et al., ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss [Doc. 8] and Plaintiff's Motion to Amend Complaint [Doc. 15].

Pro se Plaintiff George Reynold Evans ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Lumberton Correctional Institution in Lumberton, North Carolina. He filed a Complaint on April 18, 2022, in the Superior Court of Wake County, North Carolina against Defendants Eddie Buffalo, Jr., identified as the Secretary of the North Carolina Department of Public Safety (NCDPS); Mike Slagle, identified as the Warden at Mountain View Correctional Institution (MVCI); Dexter Gibbs, identified as an Associate Warden of MVCI; Kella Phillips, MVCI Captain; Kyle Wise, MVCI Lieutenant; and Robert Mask, MVCI Assistant Unit Manager. [Doc. 1-1]. Plaintiff brings his Complaint "pursuant to NCGS 7A-245(A)(1)(2)(3)(4) and North Carolina State Constitution Article I. sec. 1, 12, 14, 19, 25 and 27. The United States Constitutional Amendments 1, 4, 8 and 14." [Id. at 1]. In short, Plaintiff makes various allegations about the smoking of K-2 at MVCI, the disparate racial treatment at MVCI, retaliation for Plaintiff's litigation, denial or destruction of his legal materials, the shredding and mishandling of grievances, and Plaintiff being subject to threats and intimidation. [See Doc. 1-1].

On August 31, 2022, Defendants removed the action to the United States District Court for the Eastern District of North Carolina and paid the filing fee.[1] [See Doc. 1; 8/31/2022 Docket Entry]. No initial review was conducted by the Eastern District pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2). On November 4, 2022, Defendants moved to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for Plaintiff's failure to state a claim for relief "in lieu of filing an answer pending a ruling on this action." [Doc. 8 at 1]. Defendants also argue that Plaintiff's claim against Defendant Buffaloe for his alleged failure to prevent K2 from being smoked in prisons, should be dismissed for "improperly claim splitting" because Plaintiff brings "the same claim against current Secretary Defendant Eddie Buffalo as he filed in his prior action 5:22-CT-3046, where [Plaintiff] named then Secretary Erik Hooks as a defendant," [Doc. 9 at 6-7], and that Plaintiff's claim alleging the denial of Criminal Legal News against Defendants Buffaloe and Slagle, should be dismissed because Plaintiff should have asserted all claims arising out of such alleged denial "in Wake County Superior Action 22CVS4374, now 5:22-CR-3294 (EDNC)." [Id. at 7].

On December 14, 2022, after having been granted additional time, Plaintiff filed a response to Defendants' motion to dismiss [Doc. 13] and moved to amend his Complaint "to correct any deficiency." [Doc. 15; Doc. 13 at 1 (quoted language)]. In his motion to amend, which doubles as a proposed Amended Complaint, Plaintiff sets out a stream-of-consciousness recitation of alleged

---

[1] Plaintiff is a three-striker under 28 U.S.C. § 1915(g) and, therefore, cannot file actions *in forma pauperis* in federal court absent a showing of imminent danger deriving from the challenged conditions. See Evans v. City of Jacksonville, NC, 5:16-ct-3092-FL (E.D.N.C. Dec. 2, 2016) (summarizing the Plaintiff's litigation history). Cf. Lisenby v. Lear, 674 F.3d 259, 263 (4th Cir. 2012) (the PLRA does not strip a court of subject-matter jurisdiction over a removed case brought by a "threes strikes" prisoner). Given Plaintiff's prodigious litigation history and recent new cases removed to this Court [Case Nos. 1:23-cv-00026-MR, 1:23-cv-00087-MR, and 1:23-cv-00278-KDB], it appears that Plaintiff now runs an end run around § 1915(g) by filing his cases in state court, knowing that defendants will remove them to federal court and pay the filing fee.

facts, as well as arguments aimed at refuting Defendants' arguments of claim splitting. [See Doc. 15; see also Doc. 14]. On September 29, 2023, the Eastern District transferred the matter to this Court because Plaintiff's claims arise from events alleged to have occurred at MVCI, which is in this district. [Doc. 18 at 2].

Under Rule 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Defendants have not yet filed an answer to the Complaint, and Defendants motion to dismiss is not a responsive pleading for the purpose of Rule 15(a). Smith v. Blackledge, 451 F.2d 1201, 1203 n.2 (4th Cir. 1971). As such, Plaintiff can still amend without leave of court and the Court will grant Plaintiff's motion. The Court, however, will require Plaintiff to submit his Amended Complaint on the proper form. Plaintiff's proposed Amended Complaint is so meandering and disjointed as to be unreviewable, particularly in attempting to reconcile it with Plaintiff's other pending and recently dismissed potentially related claims and actions.

Because Plaintiff's original Complaint was never subject to review under §§ 1915A and 1915(e), the Court will allow Plaintiff to submit a proper Amended Complaint. In so doing, however, Plaintiff is admonished that: (1) he must carefully follow all instructions on the blank 1983 form he will be provided; (2) he must clearly and succinctly allege how each Defendant personally participated in any alleged constitutional violations; (3) he must refrain from raising claims that are pending in other matters or that have been dismissed with prejudice in any other matter, whether in this Court or others; (4) he must refrain from filing any ancillary and unnecessary declarations or affidavits in support of his claims;[2] and (5) his amended complaint is subject to all timeliness and procedural requirements and must be complete in and of itself because

---
[2] Plaintiff may submit his Amended Complaint under penalty of perjury by making proper notation therein. There is no reason to flood the Court's docket with redundant declarations having no practical effect.

3

the amended complaint will supersede the original complaint, meaning the original complaint will no longer have any force.

Plaintiff is also admonished that he may not assert unrelated claims against unrelated defendants in a single action. See Fed. R. Civ. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act). "For example, Plaintiff may not pursue claims of retaliation involving one set of defendants while simultaneously pursuing claims for deliberate indifference to serious medical needs against another set of defendants." Thomas v. Davey, No. 1:16cv925, 2017 WL 2691824, at *2 (E.D. Cal. June 22, 2017). A plaintiff may only bring a claim against multiple defendants when (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences; and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2).

The Court will instruct the Clerk to mail Plaintiff a new prisoner Section 1983 form for Plaintiff to submit an Amended Complaint, which must be submitted in accordance with the terms of this Order. The Court will deny Defendants' motion to dismiss without prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion to amend [Doc. 15] is **GRANTED**. Plaintiff shall file an Amended Complaint within thirty (30) days of this Order in accordance with the terms of this Order, or his Complaint may be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [Doc. 8] is **DENIED without prejudice**.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner Section 1983 form.

Signed: October 4, 2023

Kenneth D. Bell
United States District Judge